**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| BRIAN EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO. _____ |
| v. | ) | |
| | ) | |
| TIFT REGIONAL MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Brian Edwards ("Plaintiff" or "Edwards") hereby files this Complaint against Defendant Tift Regional Medical Center ("Defendant" or "TRMC"), alleging as follows:

## INTRODUCTION

1.    Plaintiff is a former employee of Defendant, having worked for Defendant in February 2019.

2.    Plaintiff asserts claims against Defendant for discrimination and retaliation under 42 U.S.C. § 1981 ("§ 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

4.      Pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) venue is proper because all of the parties reside and/or conduct business within the Middle District of Georgia and the unlawful employment practices giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

5.      Plaintiff resided in the Middle District of Georgia and was a citizen of Georgia at all times relevant to this litigation.   Plaintiff was an employee of Defendant at all times material to the Complaint.

6.      Defendant TRMC is a for-profit company licensed to do business in Georgia.  Defendant transacts business in the Middle District of Georgia.

7.      Defendant is subject to the Court's jurisdiction and may be served with process through its registered agent for service of process, Karen Summerlin, 901 East 18th Street, Tifton, Georgia 31794.

8.      Defendant is a covered employer under Title VII.

## ADMINISTRATIVE PROCEEDINGS

9.      Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

10.      On December 11, 2019, the EEOC issued Plaintiff his notice of right to sue.

11.     All administrative prerequisites for filing suit on Plaintiff's Title VII claims have been satisfied.

## FACTUAL ALLEGATIONS

12.     Edwards is black.

13.     Edwards was hired by TRMC in mid-February 2019 as a food service employee.

14.     Shortly after his arrival, his supervisor Tony (LNU), a white man, began to say racially derogatory comments to Edwards while staring at him very aggressively. The comments included "you need to outwork a Mexican" and "you need to work as hard as a slave."

15.     Tony (LNU) did not make similar comments to the white food service employees.

16.     After hearing these comments, Edwards reported his supervisor's mistreatment to a Human Resources representative, who agreed that behavior could not be tolerated and she would speak with Tony (LNU) about it.

17.     Within five days of his report of race discrimination to the Human Resources representative, Edwards was terminated.

18.     On April 15, 2019, Plaintiff filed a Charge of Discrimination with the EEOC alleging race discrimination and retaliation in violation of Title VII with respect to his termination.

19.     On December 11, 2019, the EEOC issued a notice of right to sue on Plaintiff's Charge of Discrimination.

## COUNT I
## DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000e *et seq.*

20.     Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

21.     Defendant harassed Plaintiff on account of his race during his employment at TRMC.

22.     Defendant terminated Plaintiff because of his race.

23.     At a minimum, race provided a mixed motive for Plaintiff's termination.

24.     Defendant's discriminatory termination of Plaintiff was in violation of Title VII.

25.     Defendant willfully and wantonly disregarded Plaintiff's rights under Title VII and acted in reckless disregard for Plaintiff's rights under Title VII.

26.     Defendant's discriminatory actions against Plaintiff were taken in bad faith.

27.     As a result of Defendant's discriminatory termination of Plaintiff, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation and other indignities.

28.     Pursuant to Title VII, Plaintiff is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorneys' fees and costs of litigation, and all other relief recoverable under Title VII.

## COUNT II
## DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

29.     Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

30.     Defendant harassed Plaintiff during his employment on account of his race.

31.     Defendant terminated Plaintiff because of his race.

32.     At a minimum, race provided a mixed motive for Plaintiff's termination.

33.     Defendant's discriminatory termination of Plaintiff was in violation of § 1981.

34.     Defendant willfully and wantonly disregarded Plaintiff's rights under 1981 and acted in reckless disregard for Plaintiff's rights under § 1981.

35.     Defendant's discriminatory actions against Plaintiff were taken in bad faith.

36.     As a result of Defendant's discriminatory termination of Plaintiff, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation and other indignities.

37.     Pursuant to § 1981, Plaintiff is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorneys' fees and costs of litigation pursuant to 42 U.S.C. § 1988, and all other relief recoverable under §1981.

## COUNT III
## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000e *et seq.*

38.     Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

39.     Plaintiff engaged in protected activity under Title VII by making internal complaints to Defendant's Human Resources about his immediate supervisor alleging racial discrimination.

40.     Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating his employment just days after his internal complaint.

41.     Defendant's retaliatory termination of Plaintiff was in violation of Title VII.

42.     Defendant willfully and wantonly disregarded Plaintiff's rights.

43.     Defendant's retaliatory actions against Plaintiff were taken in bad faith.

44.     As a result of Defendant's retaliatory termination of Plaintiff, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation and other indignities.

6

45.     Pursuant to Title VII, Plaintiff is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorneys' fees and costs of litigation, and all other relief recoverable under Title VII.

## COUNT IV
## RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

46.     Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

47.     Plaintiff engaged in protected activity under §1981 by making internal complaints to Defendant's Human Resources about his immediate supervisor's racial discrimination.

48.     Defendant retaliated against Plaintiff for engaging in protected activity under § 1981 by terminating his employment just days after his internal complaint.

49.     Defendant's actions, in subjecting Plaintiff to retaliation for engaging in protected activity by complaining of, and opposing, race discrimination, constitute unlawful intentional retaliation in violation of § 1981.

50.     Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

51.     As a result of Defendant's unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

7

52.    Pursuant to Section 1981, Plaintiff is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorneys' fees and costs of litigation pursuant to 42 U.S.C. § 1988, and all other relief recoverable under § 1981.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and the following relief:

(a)    A declaration that Defendant has violated the rights of Plaintiff under the federal statutes listed above;

(b)    A permanent injunction against Defendant enjoining Defendant from further violations of the federal statutes listed above;

(c)    Full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for his unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(d)    Reinstatement to Plaintiff's former position with Defendant, or in the alternative, front pay to compensate Plaintiff for lost future wages, benefits, and pension;

(e)    Compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress,

suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

(f)     Punitive damages in an amount to be determined by the enlightened conscious of the jury to be sufficient to punish Defendant for its conduct toward Plaintiff and deter Defendant from similar conduct in the future;

(g)     Reasonable attorneys' fees and costs.

(h)     Other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted this 7th day of January, 2020.

LEGARE, ATTWOOD & WOLFE, LLC

By:     /s/ Eleanor Mixon Attwood
        Georgia Bar No. 514014
        emattwood@law-llc.com

125 Clairemont Avenue
Suite 380
Decatur, Georgia 30030
Telephone:  (470) 823-4000
Facsimile:  (470) 201-1212

Attorney for Plaintiff