IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| BRIAN EDWARDS, | : |
| | : |
| v. | :  CASE NO.: 7:20-CV-3 (WLS) |
| | : |
| TIFT REGIONAL HEALTH SYSTEM, INC., | : |
| | : |
| | : |
| Defendants. | : |
| | : |

## ORDER

Before the Court is Plaintiff Brian Edwards' Motion to Seal (Doc. 68) asking this Court to issue an order sealing exhibits attached to docket entry 67. Edwards requests that these entries be sealed because the entries contain personal information that was not redacted due to a clerical error. (Doc. 68 at 1.) Edwards asserts that sealing these docket entries is necessary to protect the sensitive personal information from public view. (*Id.*)

Court records are presumptively public, as the "operations of the courts and the judicial conduct of judges are matters of utmost public concern." *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978). The common law right of access is an "essential component of our justice system" and generally affords the public an opportunity to inspect and copy public records as well as view civil and criminal proceedings. *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). However, this right is not absolute; it can be overcome by a showing of good cause, which may be based on the nature of the information at issue. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). To determine whether disclosure is appropriate, the Court must "balance the respective interests of the parties." *Chi. Tribune Co.*, 263 F.3d at 1313. Generally, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246.

To conduct the proper balancing of the Defendant's interests with those of the public, the Court requires more than a mere allusion to the presence of information that may

harm any legitimate privacy interests. As a rule, the Court may not simply "rubber stamp a stipulation to seal the record." *BASF Corp. v. SNF Holding Co.*, No. 4:17-cv-251, 2019 U.S. Dist. LEXIS 111596, at *15 (S.D. Ga. July 3, 2019). Rather, the Court must engage in the proper weighing of interests. (*Id*; *Chi. Tribune Co.*, 263 F.3d at 1313.) The Court has had the opportunity to review the docket entries at issue and has determined that some, but not all, of the unredacted information listed in the entries does in fact risk harming the interests posed by Plaintiff's Motion. Specifically, the Court finds that exhibit contains personally identifying information of individuals, including Plaintiff, and should be redacted. However, the Court does not find that the entries should be generally subject to sealing.

Therefore, because of the nature of the information contained in the exhibit at issue, (Doc. 67-3), Edwards' Motion to Seal (Doc. 68) is **GRANTED IN PART**. The Plaintiff is **DIRECTED** to redact the personal information[1] left unredacted in the original docket entry[2] and resubmit the documents to the Clerk. The original copies of the documents are ordered sealed until further order of the Court. The Plaintiff shall submit a redacted copy for filing on the docket. The Parties may file subsequent motions to seal other documents or potential exhibits with a more adequate showing of the potential privacy or proprietary harms at stake if they so choose.

**SO ORDERED,** this 20th day of August 2021.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The information in Doc. 67-3 to be redacted includes any addresses or contact information of Plaintiff's or that of individuals listed in the documents as necessary.
[2] The Clerk sealed docket entry 67-3 upon Plaintiff's filing on the instant Motion. This is the docket entry for which the Plaintiff should redact the identified information and resubmit to the Clerk for docketing.