**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| BRIAN EDWARDS, | : |
| | : |
| v. | :  CASE NO.: 7:20-CV-3 (WLS) |
| | : |
| TIFT REGIONAL HEALTH SYSTEM, INC., | : |
| | : |
| Defendants. | : |
| | : |

**ORDER**

Before the Court is a "Joint Motion to Supplement the Record" filed by Plaintiff Brian Edwards and Defendant Tift Regional Health Systems Inc.'s ("Tift Regional") on April 29, 2022. (Doc. 82.) Therein, the Parties explain that the transcript of a deposition that each party used in their summary judgment briefings was not included on the record before this Court. (*Id.*) Now that the Court has granted summary judgment in favor of Defendant Tift Regional, the parties seek to have this transcript added to the record for Plaintiff's appeal before the United States Circuit Court for the Eleventh Circuit. (*Id.*) For the reasons set forth herein, the Motion to Supplement the Record (Doc. 82.) is **DENIED**.

**ANALYSIS**

A record on appeal consists of "the original papers and exhibits filed in the district court," including proceeding transcripts, and a certified copy of the docket entries as prepared by the district clerk. Fed. R. App. P. 10(a). Pursuant to the Federal Rules of Appellate Procedure,[1] where something "material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded" through a stipulation by the parties, "by

---

[1] In their Joint Motion, the Parties do not explain which Federal Rule or law they seek relief under. However, the Court notes that the proper Rule for analysis of the motion is Fed. R. App. P. 10.

the district court before or after the record has been forwarded," or by the court of appeals itself. Fed. R. Civ. P. 10(e).

"When analyzing a motion under Rule 10(e), district courts must keep in mind that 'Rule 10(e) exists to allow the district court to conform the record to what happened, not to what did not.'" *Lester v. Portfolio Recovery Assoc., LLC*, 324 F. Supp. 3d 1227, 1232 (N.D. Ala., 2018)(quoting *United States v. Smith*, 493 F.2d 906, 907 (5th Cir. 1974)). Rule 10(e) does not allow the district court to add to the record as a means to present matter that was not relevant or not addressed in the course of proceedings. *Id.* In short, Rule 10(e) should not be used as a mechanism to allow the introduction of new evidence to the record for appellate review. *See United States v. Smith*, 493 F.2d 906, 907 (5th Cir. 1974)[2]; *see also Weathersby v. One Source Mfg. Tech., LLC*, 378 F. App'x 463, 466 (5th Cir. 2010) (noting that *United States v. Smith* held that Rule 10(e) ensures that the record before an appellate court accurately reflects what was before the district court and is not designed to introduce new evidence that was never before the district court). Thus, Rule 10(e) does not allow this Court to "supplement the record for appeal with material that was not considered by the district court." *A.C.L.U. of Florida, Inc. v. Dixie Cnty., Florida*, 828 F. Supp. 1307, 1308 (N.D. Fla., 2011).

This limitation on the Court's ability pursuant to Rule 10(e) is strongest for appeals of summary judgment rulings. Because the Eleventh Circuit reviews summary judgment rulings de novo, and thus apply the same legal standard employed by the district court, it may affirm where decision is grounded in support by the record. *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1311 (11th Cir. 2018). The Eleventh Circuit has made clear that the "rule is that 'a federal appellate court may examine only the evidence which was before the district court when the latter decided the motion for summary judgment.'" *Chapman v. AI Transport*, 229 F.3d 1012, 1026 (11th Cir. 2000) (quoting *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 n. 3 (11th Cir. 1992)). The rule clearly extends to attempts to supplement the record on appeal with deposition transcripts that were not on the record for this Court' review. *Fassett v. Delta Kappa Epsilon (New York)*, 807 F.2d 1150, 1165 (3d Cir. 1986).

---

[2] The Eleventh Circuit has adopted as binding precedent all decisions issued by the former Fifth Circuit before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

2

The Parties contend that this Court should permit them to supplement the record with the transcript of a deposition that they relied on in their summary judgment briefing but failed to provide to this Court for review. (Doc. 82.) The Parties assert that the Court "referred" to this testimony in its summary judgment Order. (*Id.*) The scant phrasing of the motion implies that the Court *relied* on this missing transcript in its disposition of the summary judgment motion, and because of that suggested reliance the Parties, led by Plaintiff, seek to have the missing transcript added to the record for the pending appeal. The Court will not do so.

In its Order granting summary judgment to Defendant Tift Regional, the Court references both Plaintiff Edwards' and Tift Regional's statement of material facts and Plaintiff's Amended Complaint in its listing of the factual background of the case. (Doc. 74 at 6, 7.) The factual background section of the Order merely sets out the factual narrative from which the Parties' claims and motions stem as provided in their briefing. In the section of the Order analyzing and addressing the motion for summary judgment in substance, the Court indeed makes a reference to a portion of Plaintiff's Response to the motion for summary judgment that merely *references* the individual, Jasmine Thurston, whose deposition transcript was not provided. Specifically, the Court stated

> In support of this argument, Plaintiff points to the record evidence establishing that Fullum created his termination documents "two days after [he] complained and after or on the same day" Thurston informed Fullum of his complaint. (Doc. 67 at 8.) The fact that Fullum was aware of Plaintiff's complaint to HR is enough to constitute circumstantial evidence supporting the argument there is a question of causal connection. *See Brungart v. BellSouth Telecomm., Inc.*, 231 F.3d at 799.

*Id.* at 13. The reference to Plaintiff's response specifically pertains to Plaintiff's citation to the transcript of a *different* individual, that of Kelly Fullum, which was provided on the record at docket entry 59. Fullum's testimony and exhibits included with the transcript provided the Court with the evidence that gave grounds for its statement regarding Plaintiff's argument

regarding the timing of his termination. *Id.* at 13; (Docs. 59, 67).[3] Specifically, that Fullum testified that she was informed of Thurston's report and investigation. (*Id.*) There are no other references to the testimony of Jasmine Thurston, and the Court did not rely on or directly cite to the missing transcript in any portion of its discussion, analysis, or holding. Rather, the Court relied on the available record evidence and the Parties' proffered statements of fact and arguments. Regardless, the Court found that Plaintiff's prima facie case did not withstand scrutiny and that Plaintiff did not negate Defendant Tift Regional's nondiscriminatory reasons for his termination.[4] (Doc. 74.)

It is because of the Court's findings that the Court refuses to grant the Parties' request to supplement the record.[5] This Court reviewed the available evidence as it is presented on the record as is, and made a ruling based on that record. The Court did not rely on or review the missing transcript at issue in its disposition of Defendant's motion for summary judgment. Rather, the Court relied on the evidence, briefs, and transcripts that are available on the docket.

Because the Eleventh Circuit's review of this Court's Order shall follow the same standard and center on the same evidence reviewed by this Court, the Court is not willing or able to grant the Parties' request to supplement the record. *See Chapman v. AI Transport*, 229 F.3d 1012, 1026 (11th Cir. 2000); *see also Lockett v. Choice Hotels Int'l., Inc.*, 315 Fed. App'x 862, 867 n. 2 (11th Cir. 2009) (noting that the district court denied a motion to supplement the record on appeal with a transcript because to do so would not have reflected what occurred at the district court proceedings). To grant the motion would add evidence to the record that was not reviewed or considered by this Court. Therefore, the Court refuses to supplement the

---

[3] The Court also reviewed Defendant Edwards' own deposition transcript, where in he indicated that Jasmine Thurston was investigating his allegations. (Doc. 61.)

[4] The Court explains in its Order that regardless of any causal connection present, Plaintiff Edwards' prima facie case failed in that he did not provide sufficient support—argument or evidence—to challenge or overcome Defendant Tift Regional's provided and supported nondiscriminatory reasons for his termination. (Doc. 74 at 13-14.) The Court acknowledged that Edwards had standing and even brought a prima facie case. However, as stated in the Order, once a prima case is made in a retaliation case, the burden shifts to the defendant to provide nondiscriminatory reasons for the plaintiff's termination. (*Id.*) Because Edwards did not present credible evidence to counter Defendant Tift Regional's nondiscriminatory reasons for his termination, his claim failed. (*Id.* at 14-15.)

[5] The Court acknowledges that in the Statement of Facts section, it did use a reference from Plaintiff's statement of material facts indicating that Thurston stated Defendant maintained a discipline policy that was ignored. (Doc. 74 at 7.) However, the reference was to the proffered facts, not any available transcript, and was also established by Edwards' own testimony. (Doc. 61.)

4

record with the transcript as requested. *Id.*; *A.C.L.U. of Florida, Inc. v. Dixie Cnty., Florida*, 828 F. Supp. at 1308-09. The Parties—and the Parties alone—are responsible for docketing the evidence they want reviewed by the Court. It is not the role or responsibility of the Court to cure a party's error in this regard. In the same vein, the Parties may not use Rule 10(e) as an end-run play to introduce new evidence to the record for the appellate court. *United States v. Smith*, 493 F.2d at 907. Accordingly, the Parties' motion to supplement the record is denied.

## CONCLUSION

Based on the above analysis and findings, the "Joint Motion to Supplement the Record" filed by Plaintiff Brian Edwards and Defendant Tift Regional (Doc. 82.) is hereby **DENIED**.

**SO ORDERED,** this 20th day of May 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**